UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LAURA CASTRO, *on behalf of herself
and all others similarly situated*,

    Plaintiff,

v.

SIMM ASSOCIATES INC.,
*a Delaware Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. On behalf of herself and the putative class, Plaintiff alleges violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692 et seq. ("*FDCPA*") and the *Florida Consumer Collection Practices Act,* ("*FCCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act* pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*. Additionally *28 U.S.C. §1367* grants this Court supplemental jurisdiction over the State claims contained within.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Laura Castro, ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Saint Lucie County, Florida.

1

5. Defendant, Simm Associates, Inc. ("Defendant"), is a Delaware Corporation engaged in the business of collecting consumer debts which operates from offices located at 800 Pencader Drive, Newark, Delaware 19702.

6. Defendant, regularly uses the United States Postal Service, internet, and telephone in the collection of consumer debts.

7. Defendant is licensed in Florida as a Consumer Collection Agency, license number CCA0900771.

8. Defendant regularly collects or attempts to collect, directly or indirectly, consumer debts for other parties. Defendant is a "debt collector" as defined in the in *15 U.S.C. §1692a(6)* and *§559.55(7)* of the *FCCPA*.

9. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquent PayPal Credit/Comenity Capital Bank account. The account was not acquired for any commercial purpose. The debt was incurred primarily for personal, household or family purposes.

11. On Friday, February 6, 2015 at 11:15 PM Defendant sent Plaintiff a communication in regards to the collection of a debt via email to Plaintiff's bellsouth.net email account.

12. On Tuesday, March 10, 2015 at 1:51 AM Defendant sent Plaintiff a communication in regards to the collection of a debt via email to Plaintiff's bellsouth.net email account.

2

13. On Thursday, March 26, 2015 at 7:16 AM Defendant sent Plaintiff a communication in regards to the collection of a debt via email to Plaintiff's bellsouth.net email account.

14. On Friday, April 24, 2015 at 3:56 AM Defendant sent Plaintiff a communication in regards to the collection of a debt via email to Plaintiff's bellsouth.net email account.

15. A copy of the emails are attached hereto as "Exhibit 1."

16. Plaintiff did not give Defendant prior consent to email her at unusual times in regards to the collection of the alleged debt.

17. Defendant did not have the express permission of a court of competent jurisdiction to email Plaintiff at unusual times in regards to the collection of the alleged debt.

18. *15 U.S.C. §1692a(2)* states:

    (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

19. *15 U.S.C. §1692c* states:

    Communication in connection with debt collection

    (a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

    (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

20. *§559.55(2)* of the *FCCPA* states:

(2) "Communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

21. *§559.72(17) of the FCCPA* states:

Prohibited practices generally.- In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m and 8 a.m in the debtor's time zone without the prior consent of the debtor.

22. Defendant's communications sent to Plaintiff via email in regards to the collection of the alleged debt were after 9:00 PM yet before 8:00 AM, despite the clear wording of *15 U.S.C. §1692c(1)* and *§559.72(17) of the FCCPA*.

23. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

24. This action is brought on behalf of:

(1) a Class consisting of

(i) all persons with addresses in the United States

(ii) who received a communication in an attempt to collect a debt incurred for personal, family, or household purposes

(iii) via email

(iv) from Defendant

    (v) that were sent after 9:00 PM yet before 8:00 AM (recipients' local time based upon their address)

    (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification. (The "FDCPA Class"); and

  (2) a Class consisting of:

    (i) all persons with addresses in the State of Florida

    (ii) who received a communication in an attempt to collect a debt incurred for personal, family, or household purposes

    (iii) via email

    (iv) from Defendant

    (v) that were sent after 9:00 PM yet before 8:00 AM (recipients' local time based upon their address)

    (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification. (The "FCCPA Class")

25. Plaintiff alleges on information and belief based upon the Defendant's use of the internet to send email communications in regards to the collection of a debt after 9:00 PM yet before 8:00 AM (debtors' local time) sent to consumers, that the Class is so numerous that joinder of all members of the Class would be impractical.  Discovery should reveal that the proposed class in in the hundreds, if not thousands, of putative members.

26. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member was sent an email in regards to the

collection of a debt incurred for personal, family, or household purposes after 9:00 PM yet before 8:00 AM (debtors' local time).  The common principal legal issue is whether Defendant violated the *FDCPA* and/or the FCCPA by sending email communications in regards to the collection of a debt after 9:00 PM yet before 8:00 AM.

27. Plaintiff's claim is typical of those of the Class members.  All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the Class.  She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA*/*FCCPA* and Class Actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

29. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; an injunctive relief pursuant to the *FCCPA* her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## VIOLATIONS OF *15 U.S.C.  § 1692c(a)(1)*

31. Plaintiff re-alleges Paragraphs 1 through 23.

6

32. Pursuant to *15 U.S.C. §1692c(a)(1)* the Defendant, without express permission from a court of competent jurisdiction or prior consent from the consumer, may not communicate with the consumer in connection with the collection of any debt after 9:00 PM yet before 8:00 AM.

33. Defendant sent Plaintiff at least four (4) emails in regards to the collection of a debt after 9:00 PM yet before 8:00 AM.

34. The emails were communications from Defendant to Plaintiff made in connection with the collection of a debt.

35. By sending emails to Plaintiff in regards to the collection of a debt and without the express permission from a court of competent jurisdiction or the prior consent of Plaintiff after 9:00 PM yet before 8:00 AM, Defendant has violated *15 U.S.C. §1692c(a)(1)*.

36. As a result of Defendant's conduct, Plaintiff and the FDCPA Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

37. As a result of Defendant's conduct, Plaintiff and the FDCPA Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## VIOLATIONS OF THE FCCPA §559.72(17)

38. Plaintiff re-alleges Paragraphs 1 through 23.

39. *§559.72(17)* of the *FCCPA* states:

    Prohibited practices generally.- In collecting consumer debts, no person shall:

> (17) Communicate with the debtor between the hours of 9 p.m and 8 a.m in the debtor's time zone without the prior consent of the debtor.

40. Pursuant to *§559.72(17)* of the *FCCPA,* the Defendant, without prior consent from the consumer, may not communicate with the consumer in connection with the collection of any debt after 9:00 PM yet before 8:00 AM.

41. Defendant sent Plaintiff at least four (4) emails in regards to the collection of a debt after 9:00 PM yet before 8:00 AM.

42. The emails were communications from Defendant to Plaintiff made in connection with the collection of a debt.

43. By sending emails to Plaintiff in regards to the collection of a debt and without the prior consent of Plaintiff after 9:00 PM yet before 8:00 AM, Defendant has violated *§559.72(17)* of the *FCCPA*.

44. As a result of Defendant's conduct, Plaintiff and the *FCCPA* Class are entitled to an award of statutory damages pursuant to *FCCPA, Fla. Stat. §559.77*.

45. As a result of Defendant's conduct Plaintiff and the *FCCPA* Class are entitled to an award of attorney's fees pursuant to *FCCPA Fla Stat. §559.77*.

## COUNT III
## CLAIM FOR INJUNCTIVE RELIEF UNDER THE FCCPA

46. Plaintiff re-alleges Paragraphs 1 through 23 and 38 through 45.

47. *§559.77(2)* of the *FCCPA* states in part:

> … The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

8

48. By sending emails to Plaintiff after 9:00 PM yet before 8:00 AM in regards to the collection of a debt without the prior consent of Plaintiff, Defendant has violated *§559.72(17)* of the *FCCPA*.

49. As a result of Defendant's conduct, Plaintiff and the *FCCPA* Class are entitled to an order for injunctive relief pursuant to *FCCPA, Fla. Stat. §559.77(2)* enjoining Defendant from future violations of the *FCCPA*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying this matter as a Class action, certifying the two requested Classes, and naming Plaintiff as Class Representative

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages to Plaintiff and the Class pursuant to *15 U.S.C. §1692k;*

d. An award of statutory damages to Plaintiff and the Class pursuant to *FCCPA, Fla. Stat. §559.77;*

e. An award of attorney's fees, litigation expenses and costs of the instant suit;

f. Any and all prejudgment interest rendered by law;

g. An Order enjoining Defendant from future violations of the *FCCPA;* and

h. Such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: June 29, 2015.

                          Respectfully submitted,

                          */s/ Leo W. Desmond*
                          Leo W. Desmond, Esq.
                          DESMOND LAW FIRM, P.C.
                          Florida Bar No. 0041920
                          5070 Highway A1A
                          Suite D
                          Vero Beach, Florida 32963
                          Telephone: (772) 231-9600
                          Facsimile: (772) 231-0300
                          lwd@verobeachlegal.com
                          *Attorney for Plaintiff*

                          */s/ S. Keley Jacobson*
                          S. Keley Jacobson, Esq.
                          DESMOND LAW FIRM, P.C.
                          Florida Bar No. 102200
                          5070 Highway A1A
                          Suite D
                          Vero Beach, Florida 32963
                          Telephone: (772) 231-9600
                          Facsimile: (772) 231-0300
                          jacobson@verobeachlegal.com
                          *Attorney for Plaintiff*